FACTUAL BACKGROUND
CT Page 8703
A brief history of this case is as follows.
This case commenced initially as a foreclosure action against the named defendants, Stephen and Deborah Phillips.
Although the matter went to a judgment of foreclosure by sale, an appeal delayed the actual sale to a point wherein the holder of the first mortgage on the defendant's property obtained a judgment of strict foreclosure in another action. Pursuant to that judgment the plaintiff redeemed the property and obtained possession of it. The judgment in this case was therefore reopened and the plaintiff withdrew its action. There remained in the pleadings, however, counterclaims (also designated as a cross complaint) by the defendant Deborah Phillips (hereinafter defendant), dated March 1, 1996 and April 1, 1996 which are the subjects of this action.
The March 1 document was considered by the court along with the operative counterclaim of April 1, which counterclaim has responsive pleadings. The court considered the answer to the April 1 counterclaim as also responsive to the March 1, counterclaim.
Although the allegations of the counterclaim are vague and disjointed the court has considered those claims to be essentially as follows:
(1) The defendant presented a contract of sale to the plaintiff as evidence of her intent to pay the debt which the plaintiff refused.
(2) The defendant suffered a "set back" of her injuries suffered in an automobile accident.
(3) The plaintiff, by filing the suit, denied the defendant "jurisdiction".
(4) The plaintiff is subject to foreclosure.
(5) The plaintiff is "associated" with the defendant Stephen Phillips, Connecticut Housing, the U.S. V.A. and Metropolitan.
(6) The plaintiff is acting in bad faith. The plaintiff has denied these allegations and specially pleaded as defenses that the other named parties (except Stephen Phillips) are not in any CT Page 8704 way associated with the plaintiff's mortgage. Further, the plaintiff alleges that the defendant has not stated a cause of action; thirdly any damage alleged by her arose from the foreclosure action by the first mortgagee.
The plaintiff has also alleged a set-off.
Conclusion
The court need not rule on the viability of these special defenses because it finds that the defendant, Deborah Phillips has not sustained her burden of proving the allegations of her counterclaim by a fair preponderance of the evidence.
The only live testimony offered by the defendant was the testimony of Mark B. Piplar, an employee of Meritor Credit Corporation which is now a subsidiary of Ford Credit Corporation, which in turn is, a subsidiary of Ford Motor Company. Mr. Piplar offered no evidence whatsoever favorable to the defendant's allegations.
The other evidence offered by the defendant was by way of exhibits which the court agreed to review individually and to give them what weight, if any, the court believed the exhibits warranted. Having done that, the court is of the opinion that they contain mostly irrelevant information. Whatever is relevant falls far short of sustaining the defendant's burden of proof.
The defendant advised the court that she was familiar with trial procedure. When invited to offer further testimony of witnesses, including herself, she declined to do so.
The court, therefore, finds in favor of the plaintiff on the counterclaims (and cross complaint).
Since the plaintiff offered no evidence on its claimed set-off, a finding is made in favor of the defendant on that claim.
Judgment may enter in favor of the plaintiff on the counterclaim and in favor of the defendant on the set-off.
Freed, J. CT Page 8705